**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TYRONE LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2788** |
| **CHET MORRISON CONTRACTORS, LLC** | **SECTION: "G"(3)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant Chet Morrison Contractors, L.L.C.'s ("Defendant") Motion in Limine to Exclude Report and Testimony of Robert E. Borison.[1] After considering the complaint, the pending motion, the memorandum in support, the opposition , the record, and the applicable law, the Court will deny the pending motion.

<u>**I. Background**</u>

*A. Factual Background*

According to Plaintiff Tyrone Lewis ("Plaintiff"), at all relevant times, Defendant was owner and operator of CM 11 pipelay barge as well as the companion barge on which Plaintiff was employed as a rigger.[2] Plaintiff claims that on November 5, 2012, he was wrapping a buoy on CM 11 pipe lay-bury barge while working on a smaller companion barge, when one of the buoys fell out of place. Plaintiff walked along a catwalk in an attempt to retrieve the buoy, but allegedly the tubing along the catwalk was broken and caught the pant leg of Plaintiff, causing him to trip and fall onto a piece of cable and then into the water.[3] Plaintiff seeks damages against Defendant under general

---

[1] Rec. Doc. 44.

[2] Rec. Doc. 1 at ¶ 2.

[3] *Id.* at ¶ 4.

1

maritime law, claiming that the incident was caused by Defendant's negligence and failure to provide a seaworthy vessel with a repaired catwalk and/or a non-skid grating on the catwalk.[4]

### B. Procedural Background

Plaintiff filed the complaint in this action on November 16, 2012.[5] On June 17, 2013, Plaintiff filed an amended witness list, wherein he lists Robert E. Borison ("Borison") as "a marine safety expert who will offer professional opinions regarding the cause of the incident and the Defendant's safety violations" which Plaintiffs contend amounted to negligence.[6] On July 2, 2013, Defendant filed the pending motion in limine.[7] On July 9, 2013, Plaintiff filed an opposition to the pending motion.[8]

## II. Parties' Arguments

### A. Defendant's Arguments in Support

In support of the pending motion, Defendant contends that Borison's report and testimony should be excluded from trial pursuant to Federal Rule of Evidence 702, which governs the admissibility of expert testimony.[9] Specifically, Defendant argues that Borison's report and proposed testimony are "not based on reliable data as [they are] not supported by valid facts."[10] Defendant avers that Borison "only reviewed [Defendant's] Incident report, photographs of the alleged scene,

---

[4] *Id.* at ¶ 5.

[5] *Id.*

[6] Rec. Doc. 33 at p. 5.

[7] Rec. Doc. 44.

[8] Rec. Doc. 45.

[9] Rec. Doc. 44-1 at p. 2.

[10] *Id.* at p. 3.

and incorporated, into his report, plaintiff's self-serving statements made to him during an interview."[11] Defendant stresses that Borison did not "conduct any sort of meaningful investigation such as, at the very least, interviewing any witnesses or performing a visual inspection of the stinger."[12] Defendant also notes that the photographs reviewed by Borison do not show any holes in the grating or any tripping hazards in the work area Borison opines was the cause of Plaintiff's injury; therefore, Defendant alleges that it is clear that Borison "based this opinion solely on plaintiff's self-serving statements which are not sufficient."[13]

Further, Defendant argues that Borison's opinion regarding the possible need for fall protection "is nothing more than speculative and wholly unsupported," because he "conducted no investigation as to the height of the platform and states he does not know how high off the water it was situated."[14] Finally, Defendant argues that because Borison "was not armed with sufficient facts regarding the condition of the stinger, including the grating, his opinion regarding plaintiff's supervisors not exercising Stop Work Authority is unsupported," and further claim that it is "worth noting that Mr. Borison fails to mention plaintiff's own right to exercise Stop Work Authority and his failure to do same."[15]

### B. Plaintiff's Arguments in Opposition

As an initial matter, Plaintiff notes that Borison has been accepted as a safety expert in other

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

maritime personal injury cases by other sections on this Court.[16] Plaintiff also notes that in Borison's expert report dated May 2, 2013, he concludes that two of Defendant's supervisors failed to provide Plaintiff with a safe work place when they ordered him to work from the stinger that had holes in the grating and had a tripping hazard, and opined that if Plaintiff was at least four feet above water, the stinger should have had handrails installed.[17]

Plaintiff acknowledges that the pending motion does not challenge Borison's qualifications or credentials, but rather focuses on Borison's written report.[18] Further, Plaintiff explains that Borison's report does not include statements from Defendant's employees because those employees have not been presented for deposition yet, but that such depositions are scheduled to occur on July 22, 2013.[19] Thereafter, Plaintiff claims that "[i]t is entirely possible that Borison's written opinions will be supplemented or amended once Defendant's employees have been deposed."[20]

Regarding Defendant's argument that Borison's report relied on the "self-serving" statements of Plaintiff, Plaintiff argues that an expert is allowed to consider his account of the events in question.[21] In response to Defendant's argument that Borison did not conduct "any sort of meaningful investigation," Plaintiff argues that this:

> ignores the facts that 1-an expert is not permitted to interview the employees of an adverse party without its counsel being present, 2-Borison will consider the statements of witnesses as soon as the Defendant presents them for depositions, and

---

[16] Rec. Doc. 45 at p. 2 (citing *Montgomery v. Parker Towing Co.*, No. 07-3218, 2008 WL 559569 (E.D. La. Feb. 26, 2008) (Africk, J.) (denying a motion in limine seeking to exclude Borison as an expert witness)).

[17] *Id.*

[18] *Id.* at p. 5.

[19] *Id.*

[20] *Id.*

[21] *Id.* at pp. 5-6.

3-the condition of the stinger in question changed immediately after the incident, thereby making any inspection by Borison meaningless and of no use in forming his opinions.[22]

Similarly, Plaintiff refutes Defendant's arguments that there is no support for Borison's opinions as to the condition of the stinger and its height at the time of the alleged incident:

> The photocopies of the photographs in question were produced in discovery by Defendant. The testimony of Plaintiff in this case refute the photos fairly and accurately depict the condition of the stinger at the time of his injury. To the extent that Plaintiff's statements conflict with the evidence presented by CMC, Borison is permitted to rely on the statements of Plaintiff. Similarly, Defendant's contention that Borison's opinions should be excluded because he conducted no investigation as to height of the platform, ignores the fact that the height of the stinger from the water will never be known because it wasn't recorded at the time of the incident. Borison is permitted to rely on the Plaintiff's estimate of how far he fell to the water from the stinger in formulating his opinions.[23]

As Defendant does not challenge Borison's credentials, Plaintiff argues that the pending motion is inappropriate and Defendant's contentions are simply grounds for cross-examination, and it will be the jury's role to resolve disputes between conflicting opinions.[24]

## III. Law and Analysis

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

---

[22] *Id.* at p. 6.

[23] *Id.*

[24] *Id.* at pp. 7-8

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*,[25] "provides the analytical framework for determining whether expert testimony is admissible under Rule 702."[26] In *Pipitone v. Biomatrix, Inc.*,[27] the Fifth Circuit noted that:

> In *Daubert*, the Supreme Court offered an illustrative, but not an exhaustive, list of factors that district courts may use in evaluating the reliability of expert testimony. These factors include whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community.[28]

The Supreme Court emphasized that the *Daubert* analysis is a "flexible" one, and that "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[29] With regard to the determination of relevancy pursuant to Rule 702, the testimony must not simply be relevant under Rule 402, but also must assist the trier of fact to understand or determine a fact at issue.[30]

District courts have "wide latitude in determining the admissibility of expert testimony,"[31]

---

[25] 509 U.S. 579 (1993).

[26] *Pipitone v. Biomatrix*, 288 F.3d 239, 243 (5th Cir. 2002). The Court notes that *Daubert* and many on its progeny were decided before the 2011 Amendments to Rule 702, which altered the rule's language. However, this changes have no substantive effect on the standard to be applied when considering the admissibility of expert testimony because "[t]he language of Rule 702 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 702, 2011 Amendments.

[27] 288 F.3d 239.

[28] *Id.* at 244 (footnote omitted).

[29] *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

[30] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

[31] *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997).

and the "decision to admit expert testimony will not be disturbed absent an abuse of discretion."[32] In exercising this discretion, district courts should be mindful that, "[a]s the Court in *Daubert* makes clear, [] the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'"[33] In *Viterbo v. Dow Chemical Co.*,[34] the Fifth Circuit explained that:

> The district court should, initially, approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.[35]

Here, as Plaintiff has noted, Defendant does not challenge Borison's qualifications as an expert, or his methodology. Instead, Defendant generally argues that Borison's conclusions are unfounded from the evidence he reviewed.[36] However, as the Supreme Court articulated in *Daubert*, in determining the admissibility of expert testimony "[t]he focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."[37] While Defendant also argues that Borison "based [his] opinion solely on plaintiff's self-serving statements,"[38] as this Court previously noted "questions relating to the bases and sources of an expert's opinion affect the weight

---

[32] *Carroll v. Morgan*, 17 F.3d 787, 789 (5th Cir. 1994).

[33] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (quoting *Daubert*, 509 U.S. at 596).

[34] 826 F.2d 420 (5th Cir. 1987).

[35] *Id.* at 422. While *Viterbo* was decided before *Daubert*, subsequent Fifth Circuit opinions after *Daubert* have cited this language from *Viterbo* as good law. *See 14.38 Acres of Land*, 80 F.3d at 1077.

[36] *See* Rec. Doc. 44-1 at p. 3.

[37] 509 U.S. at 595.

[38] Rec. Doc. 44-1 at p. 3.

assigned to the opinion rather than its admissibility and should be left for the jury's consideration."[39] Therefore, these arguments do not present adequate grounds to exclude Borison's report or testimony at trial.

Finally, to the extent that Defendant argues that Borison's report and testimony are not based on sufficient facts or data, and therefore run afoul of Rule 702(b), the Court finds these arguments unpersuasive. First, as Plaintiff explains, the condition of the stinger changed immediately after the incident, rendering any inspection meaningless because there was no way to know the height of the stinger on the date of the alleged incident.[40] Second, any claim that Borison's opinion relies on insufficient facts or data because he does not consider other employees' perspectives is premature at best, because the depositions of these individuals are scheduled for July 22, 2013.[41]

As Defendant has not challenged Borison's expertise in this area, and at least one other court has found him qualified as a safety expert in maritime personal injury cases,[42] the Court finds that Borison has the appropriate "knowledge, skill, expertise, training or education" to testify as an expert in this matter. Further, Defendants have not challenged Borison's methodology, but only his conclusions, which is an issue that can be explored on cross-examination, but must ultimately be resolved by the jury, not the Court upon the pending motion.[43] Therefore, the Court finds that Borison is not only qualified as an expert in marine safety, but also that his testimony would be

---

[39] *Viterbo*, 826 F.2d at 422.

[40] Rec. Doc. 45 at p. 6

[41] *Id.* at p. 5.

[42] *See Montgomery*, 2008 WL 559569.

[43] *Daubert*, 509 U.S. at 595-96.

helpful to the jury in understanding or deciding a fact at issue in this matter.[44]

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Report and

Testimony of Robert E. Borison[45] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this <u>18th</u> day of July, 2013.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[44] *See Bocanegra*, 320 F.3d at 584.

[45] Rec. Doc. 44.